UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CONCRETE SUPPORT SYSTEMS, LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO. A-20-CV-01150-ADA |
| **BOND FORMWORK SYSTEMS, LLC, BRADLEY BOND,** | § § § § | |
| Defendants. | § | |

## ON DISCOVERY DISPUTE

On March 27, 2024, the parties submitted a Dispute Chart (attached as Exhibit 1) via email to the undersigned for resolution. The Court has reviewed the materials submitted and determined that a hearing is not necessary. The Court issues the following rulings:

1. As to Plaintiff's objections to RFP No. 32, Plaintiff's arguments go to the potential use and effect of the requested documents and not discoverability. Plaintiff's objections are **OVERRULED** and Plaintiff is **ORDERED** to produce responsive documents within 14 days of this Order.

2. As to Plaintiff's objections to RFP No. 37, whether a party has the same information from other sources does not eliminate a party's obligation to respond to discovery. Plaintiff's objections are **OVERRULED** and Plaintiff is **ORDERED** to produce responsive documents within 14 days of this Order.

3. As to Plaintiff's objections to RFP No. 39, Plaintiff's arguments go to the potential use and effect of the requested documents and not discoverability. Plaintiff's objections are **OVERRULED** and Plaintiff is **ORDERED** to produce responsive documents within 14 days of this Order.

4. As to Plaintiff's objections to RFP No. 44, Plaintiff's objections are **OVERRULED** and Plaintiff is **ORDERED** to produce responsive documents within 14 days of this Order.

5. As to Plaintiff's objections to RFP No. 51, if Plaintiff is relying in any way on an assertion that its own products practice the Asserted Patent, Plaintiff's objections are **OVERRULED** and Plaintiff is **ORDERED** to produce responsive documents within 14 days of this Order. If within 14 days, Plaintiff affirmatively disclaims any such assertion, Defendant's requested relief is **DENIED**.

6. As to Plaintiff's objections to RFP No. 54, Plaintiff's objections are **OVERRULED** and Plaintiff is **ORDERED** to produce responsive documents within 14 days of this Order.

7. As to Plaintiff's objections to Interrogatory No. 2, Plaintiff's objections are **OVERRULED** and Plaintiff is **ORDERED** to answer the interrogatory within 14 days of this Order.

8. As to Plaintiff's objections to Interrogatory No. 11, if Plaintiff is relying in any way on an assertion that its own products practice the Asserted Patent, Plaintiff's objections are **OVERRULED** and Plaintiff is **ORDERED** to supplement its answer to this interrogatory within 14 days of this Order. If within 14 days, Plaintiff affirmatively disclaims any such assertion, Defendant's requested relief is **DENIED**.

9. As to Plaintiff's objections to Interrogatory No. 12, if Plaintiff is seeking damages in the form of lost profits, Plaintiff's objections are **OVERRULED** and Plaintiff is **ORDERED** to supplement its answer within 14 days of this Order. If Plaintiff affirmatively disclaims damages in the form of lost profits, Defendant's requested relief is **DENIED**.

10. As to Plaintiff's objections to Interrogatory No. 13, interrogatories must be in a form useable at trial making incorporation by reference disfavored. *See* 7 Moore's Federal Prac-

tice § 33.103. Plaintiff's objections are **OVERRULED** and Plaintiff is **ORDERED** to supplement its answer to this interrogatory within 14 days of this Order.

SIGNED this 3rd day of April, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 1 – DISPUTE CHART**

| RFP At Issue | Defendants' Position | Plaintiff's Position |
|---|---|---|
| 32. All documents and things that provide the factual basis for any statement or argument made to the USPTO and/or any foreign patent office in any amendment, response, or interview during the prosecution of the Asserted Patent, any related applications, and/or any foreign counterparts. | Although the case was transferred to Judge Albright, these are the types of documents that are required under Judge Albright's standing order. The General Deadlines of the Standing Order requires that "plaintiff shall also identify the priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention…."<br><br>The contributions to inventorship of Mark Grace and Gunter Sengel are relevant to inventorship (the patent application included a statement filed submitted to the USPTO, after the filing of the application, that Messrs. Grace and Sengel are inventors). No inventorship documents, including those acknowledged by Mr. Grace as existing, have been produced.<br><br>**Relief**: Order that "Plaintiff must produce all documents relating to inventorship within 7 days." | Request 32 is vague and overbroad because it seeks "all documents and things..." related to "statements or arguments made to the USPTO" without specifying what particular arguments or statements are meant to be addressed. Request 32 is also oppressive because it seeks information that is already known to the Defendants who are aware of the contributions made by Mark Grace and Gunter Sengel in developing the invention from idea to working prototype to production of the device (see response to ROG #2). To the extent Defendants seek to claim that the Patent is invalid, they are precluded from doing so under the doctrine of assignor estoppel.<br><br>Plaintiff has provided the complete patent file history.<br><br>Defendant Bond filed the claims in question and agreed to all changes/amendments that were submitted to USPTO as part of the patent application. The only change that was made subsequent to Defendants' corroboration of the claims was the addition of Mark Grace and Gunter Sengel as inventors. Attorney Shannon Warren testified that he verified the inventor status of Mr. Grace and Mr. Sengel prior to making any change to the patent application. Pursuant to 35 U.S.C. § 256: an error in the naming of inventors "shall not invalidate the patent" and the Court may correct such an error. Additionally, there has been no accusation of inequitable conduct, and Defendants have certainly not come forward with clear and convincing evidence of misconduct, such that the addition of these individuals as inventors would invalidate the claims that Defendants previously agreed were valid and proper. Furthermore, Defendants never raised any issues related to the assignment or ownership of the patent until six years after the patent was issued to CSS, three years after the present litigation was initiated, and after Defendant Bradley Bond attempted to assign the valid |

|  |  | patent to Defendant Bond Formwork Systems, LLC subsequent to Mr. Bond's deposition in Sept. of 2023. In fact, Defendants' Amended Answer admits: "Defendants were aware of CSS's ownership of the '069 Patent because Bond was the first named inventor, and knew the patent was assigned to CSS." [Dkt. 19].<br><br>In summary, this issue is a red herring in so far as, regardless of who the inventors are, it does not change the course of this litigation. CSS is the owner of the patent and even assuming *arguendo* that Grace and Sengel are not inventors, the recourse would be to simply remove them as inventors to correct the patent according to 35 U.S.C. § 256, however, such a change would neither invalidate the patent nor would it change the liability of the Defendants.<br><br>**Relief**: Order denying Defendants' vague and overbroad request for additional documentation. |
|---|---|---|

| | | |
|---|---|---|
| 37. All documents and things concerning the conception, reduction to practice, or any diligence on the part of the named inventors in reducing to practice the subject matter allegedly claimed in the Asserted Patent, including all documents and things considered, relied upon, or referred to by the named inventors during the conception, development, or reduction to practice of the alleged inventions claimed in the Asserted Patent. | See arguments above related to RFP #32.  **Relief**: Order that "Plaintiff must produce all documents relating to conception, reduction to practice, and diligence within 7 days." | Request is overbroad and oppressive because it is duplicative of other requests and seeks information that is already known to the Defendants who are aware of the contributions made by Mark Grace and Gunter Sengel in developing the invention from idea to working prototype to production of the device. See response to RFP # 32 above.  **Relief**: Order denying Defendants' oppressive and overbroad request for additional documentation. |
| 39. All documents and things relating to any express or implicit allegation, assertion, claim, statement, opinion, or representation made by anyone that any of the named inventors did not themselves invent all or part of the subject matter claimed in the Asserted Patent. | The contributions to inventorship of Mark Grace and Gunter Sengel are relevant to inventorship given that Messrs. Grace and Sengel expressly alleged in the request to correct inventorship that Mr. Bond did not invent all the subject matter himself. No inventorship documents, including those acknowledged by Mr. Grace as existing, have been produced. See arguments above related to RFP #32.  **Relief**: Order that "Plaintiff must produce all documents relating to inventorship and/or evidence that Mr. Bond is not the sole inventor within 7 days." | Request is overbroad and oppressive because it is duplicative of other requests and seeks information that is already known to the Defendants who are aware of the contributions made by Mark Grace and Gunter Sengel in developing the invention from idea to working prototype to production of the device. See response to RFP # 32 above.  **Relief**: Order denying Defendants' oppressive and overbroad request for additional documentation. |

| | | |
|---|---|---|
| 44. All documents and things relating or referring to the date of the first disclosure to any third party of any invention claimed in the Asserted Patent. | Documents relate to inventorship, and they are relevant. See arguments above related to RFP #32.<br><br>**Relief**: Order that "Plaintiff must produce all documents relating to inventorship within 7 days." | Request is vague and does not define which third party disclosures they are requesting. To the extent that the request seeks disclosures related to persons or entities not affiliated with CSS or CSSH, the request is not relevant or proportional to the needs of the case. Disclosure of Asserted Patent, or its claims, to a third party not connected to CSS or CSSH, has no bearing on the Defendants' knowing infringement on the patent and, contrary to Defendants' assertion, does not provide relevant evidence pertaining to correct inventorship of the Asserted Patent.<br><br>**Relief**: Order denying Defendants' vague and overbroad request for documentation. |

| | | |
|---|---|---|
| 51. All documents relating to whether You have ever practiced the claims of the Asserted Patent. | Relevant to what Plaintiff admits is or is not covered by the claims and therefore relates to infringement. Documents exist as Supplemental Interrogatory Response states "Many shoring products offered by CSS embody, and have embodied, to varying degrees, the Asserted Claims of the Asserted Patent, as is the right of CSS as the owner of the Patent-In-Suit. Specifically, the Asserted Patent is designed to be utilized in conjunction with CSS's Super Grid Support System."<br><br>This request is commensurate in scope with requests that Plaintiff itself sent to third parties (e.g., to third-party Building Concrete Solutions, LP through 1/1/2016 for:<br><br>1. Any correspondence or communications between you and the Defendants, Bond Formwork Systems, LLC and/or Bradley Bond relating to construction projects including, but not limited to, bids on projects, discussions regarding pricing, discounts, marketing material, availability of formwork material and equipment, alternative materials and equipment, or other similar matters bearing on concrete formwork systems.<br><br>2. Any contracts or agreements, including sales contracts or rental agreements, between you and the Defendants, Bond Formwork Systems, LLC and/or Bradley Bond, relating to any concrete construction projects | Request is overbroad and is not relevant or proportional to the needs of the case. This request would require the review of over 10 years' worth of schematics and structural drawings to determine every use of the Asserted Patent by Plaintiff. Further, whether Plaintiff utilized the Asserted Patent or not has no bearing on whether Defendants knowingly infringed on Plaintiff's patent by willfully using infringing devices.<br><br>The information sought from Defendants' third-party customers via Plaintiff's subpoenas, as described in Defendants' position, directly relates to the damages calculations. Additionally, the marketing and communication data sought by the subpoenas provides necessary information related to Defendants' willful and knowing infringement on the patent-in-suit.<br><br>**Relief**: Order denying Defendants' irrelevant and overbroad request for documentation. |

|  | including, but not limited to, the Prose Hammerly project.<br><br>3. Any invoices, rental charges, material and equipment inventory lists, inspection documents, transportation charges, storage fees, or other related documents exchanged between, or pertaining to, you and the Defendants, Bond Formwork Systems, LLC and/or Bradley Bond relating to any concrete construction projects including, but not limited to, the Prose Hammerly project.<br><br>**Relief**: Order that "Plaintiff must produce all documents related to any products, including CSS's Super Grid Support System, that Plaintiff claims has ever practiced the claims of the Asserted Patent within 7 days." |  |

| | | |
|---|---|---|
| 54. All documents depicting or otherwise evidencing the relationship between You and the named inventors of the Asserted Patent, including but not limited to any employment or consulting agreements and contracts. | Relevant to ownership of the patent to the extent that other agreements exist, including any agreements with Messrs. Grace and Sengel.<br><br>**Relief**: Order that "Plaintiff shall produce all previously unproduced documents depicting or otherwise evidencing the relationship between Plaintiff and the named inventors of the Asserted Patent, including but not limited to any employment or consulting agreements and contracts with the named inventors within 7 days." | Request is not relevant or proportional to the needs of the case. Any agreements between Mr. Grace and Mr. Sengel have no bearing on this case or Defendants' knowing infringement on the patent. See also response to RFP # 32 above.<br><br>**Relief**: Order denying Defendants' irrelevant and overbroad request for documentation. |

| Interrogatory | Defendant's Position | Plaintiff's Position |
|---|---|---|
| 2. For each Asserted Claim, provide a complete chronological description of the development of its claimed subject matter from conception to the later of constructive and/or actual reduction to practice (even if the actual reduction to practice occurred after the alleged Effective Filing Date of the claim), including the claimed subject matter's date of conception, date of actual reduction to practice, … each inventor thereof, each person involved in the conception or reduction to practice of the claimed subject matter, the contribution of each such identified person to the conception and reduction to practice of the claimed subject matter, and all facts that support or refute any diligence from conception to reduction to practice, including an identification of the specific document(s) that corroborate the conception and reduction to practice of each element of the Asserted Claims. | Relevant to ownership and inventorship. Assignor estoppel is irrelevant under Minerva as the inventorship was changed after any alleged assignment. Also, although the case was transferred to Judge Albright, this information is analogous to the types of documents that are required under Judge Albright's standing order. The General Deadlines of the Standing Order requires that "plaintiff shall also identify the priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention…."<br><br>**Relief**: Order that "Plaintiff is compelled, within 7 days, to fully respond to interrogatory No. 2 by identifying the claimed subject matter's date of conception, date of actual reduction to practice, … each inventor thereof, each person involved in the conception or reduction to practice of the claimed subject matter, the contribution of each such identified person to the conception and reduction to practice of the claimed subject matter, including an identification of the specific document(s) that corroborate the conception and reduction to practice of each element of the Asserted Claims." | This interrogatory is overly broad, unduly burdensome, oppressive because it seeks extensive information that is already known to the Defendants. Furthermore, the information sought is not relevant under assignor estoppel doctrine. (See response to RFP # 32 above).<br><br>Plaintiff agrees to provide a limited supplemental response to this interrogatory within 14 days.<br><br>**Relief**: Order denying Defendants overbroad and burdensome request to obtain additional, duplicative, information since the chronological description of how the subject matter was taken from concept to prototype to production was already known to Defendant Bond, who was a small part of that process, and has further been provided by the sworn testimony of Mark Grace, co-inventor, President and CEO of Plaintiff company, CSS. |
| 11. Identify any embodiments of any of the Asserted Claims of the Asserted Patent, including all products, if any, that You contend practice or embody (or has at any time practiced or embodied) any alleged invention described or claimed in the Asserted Patent, including any products offered by CSS or third parties, but excluding any products of Defendants, | Relevant to the issue of infringement (i.e., what is covered by the claims). Response is incomplete as they do not identify "how each element of each claim of the Asserted Patent are present in each of the alleged embodiments" or "the dates of creation and use, the Persons and entities involved, the surrounding circumstances, and all supporting documents and | This interrogatory is overly broad, unduly burdensome, and oppressive because it seeks extensive information that is not relevant nor is it proportional to the needs of the case. Had CSS never used the patented device would not impact whether Defendants' use of the device infringes on the patent. Furthermore, this interrogatory improp- |

11

| | | |
|---|---|---|
| and explain *how each element of each claim of the Asserted Patent are present in each of the alleged embodiments*. A complete answer will include the dates of creation and use, the Persons and entities involved, the surrounding circumstances, and all supporting documents and facts. | facts." <br><br>**Relief**: Order that "Plaintiff is compelled, within 7 days, to fully respond to Interrogatory No. 11 by identifying how each element of each claim of the Asserted Patent are present in each of CSS products alleged to practice the Asserted Patent and the dates of creation and use, the Persons and entities involved, the surrounding circumstances, and all supporting documents and facts." | erly demands documents related to the embodiment of asserted claims by Plaintiff's products. <br><br>Plaintiff agrees to provide a limited supplemental response to this interrogatory within 14 days. <br><br>**Relief**: Order denying Defendants overbroad and burdensome request to obtain unnecessary information related to Plaintiff's products that embody the asserted claims of the asserted patent as that information has no bearing on Defendants' willful infringement. |

| | | |
|---|---|---|
| 12. For each product identified in response to Interrogatory No. 11, identify the unit sales, customers, revenues (net and gross), cost of goods sold, profit (net and gross), and allocated expenses, detailing what is included in each, for each product, and identify all documents in support thereof. | Incomplete. Does not identify the unit sales, cost of goods sold, profit (net and gross), and allocated expenses, detailing what is included in each, for each product, and identify all documents in support thereof.<br><br>**Relief**: Order that "Plaintiff is compelled, within 7 days, to fully respond to interrogatory No. 12 by identifying the unit sales, cost of goods sold, profit (net and gross), and allocated expenses, detailing what is included in each, for each product alleged by Plaintiff to practice the Asserted Patent, and identifying all documents in support thereof." | This interrogatory is overbroad, unduly burdensome, vague, and not proportional to the needs of the case. Furthermore, the information sought is not relevant as it has no bearing on whether Defendants have infringed on the patent nor, despite Defendants' claims, does the information sought relate to the damages that Plaintiff has suffered as a result of Defendants' infringement.<br><br>Plaintiff stands on their objections to this interrogatory.<br><br>**Relief**: Order denying Defendants' request for overbroad, vague, and irrelevant information. |

| | | |
|---|---|---|
| 13. Identify all facts supporting the allegation in the Complaint that CSS is the owner of the Asserted Patent including but, not limited to, *all facts showing that the Asserted Patent was assigned to CSS and when any person listed as an inventor on the Asserted Patent transferred his rights, to whom, and for what consideration*. | Fails to provide "*all facts showing that the Asserted Patent was assigned to CSS and when any person listed as an inventor on the Asserted Patent transferred his rights, to whom, and for what consideration*."<br><br>**Relief**: Order that "Plaintiff is compelled, within 7 days, 2024, to fully respond to interrogatory No. 13 by identifying all facts showing that the Asserted Patent was assigned to CSS and when any person listed as an inventor on the Asserted Patent transferred his rights, to whom, and for what consideration. | This interrogatory is overly broad and unduly burdensome. Furthermore, the information sought by this interrogatory is precisely the same issue that Defendants raised in the motion to dismiss the case, which Plaintiff responded to and set forth their position clearly in the related briefing. Thus, this interrogatory is seeking duplicative information that Defendants already have in their possession.<br><br>Plaintiff stands on their objections to this interrogatory.<br><br>**Relief**: Deny Defendants' request for overbroad and duplicative information. |