## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| CONCRETE SUPPORT SYSTEMS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO. A-20-CV-01150-ADA |
| BOND FORMWORK SYSTEMS, LLC, BRADLEY BOND, | § § § | |
| Defendants. | § | |

### ORDER ON DISCOVERY DISPUTE

Before the Court is the parties' discovery dispute chart, submitted on June 6, 2024, and attached hereto as Exhibit A. Having reviewed the chart, the record, and the applicable caselaw, the Court has determined that a hearing is not necessary and issues the following Order:

As Defendant made a timely request for depositions, Defendant's requested relief is GRANTED-IN-PART. Defendants may take the depositions but have five (5) calendar days from the last deposition to serve rebuttal reports.

SIGNED this 17th day of June, 2024.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

| Issue | Defendants' Position | Plaintiff's Position |
|---|---|---|
| Plaintiff served three expert reports and is now not agreeing to either (1) provide the depositions of those experts within a time period that would allow Defendants to prepare their expert reports before rebuttal expert reports are due on June 21, 2024 or (2) extend the rebuttal report period to allow Defendants time to prepare rebuttal reports after having taken the depositions of Plaintiff's experts. | Plaintiff served at nearly midnight on May 24, 2024 its opening expert reports of three experts, (1) Andrew Mair, Ph.D., MBA, BA, FCIPD, (2) Joshua C. Harrison, Ph.D., Esq., and (3) Roman Garagulagian, Ph.D.  Plaintiff has indicated that Drs. Mair and Harrison both may be called for, among other things, "the device and method claims of the '069 Patent and defendants' accused products that infringe on those claims."  Dr. Garagulagian has been designated to testify at least on damages issues in the case.

On the next business day, Defendants' counsel contacted Plaintiff's counsel by email about scheduling the depositions of the experts on June 5-7.  Defendants' counsel contacted Plaintiff's counsel each of the next two business days as well without a response until nearly midnight on May 30, 2024.  The parties met and conferred on May 31, 2024.

Defendants have not delayed in seeking the requested depositions, and Plaintiff's delay in providing depositions of these witnesses materially prejudices Defendants' ability to prepare its rebuttal with its experts before Defendants' reports are due on June 21, 2024.  Plaintiff's delay is | Plaintiff timely served the expert reports of three expert witnesses on Friday, May 24, 2024. On Tuesday, May 28, 2024, without prior communication with Plaintiff, Defendants demanded dates and locations for each of Plaintiff's experts to be deposed 8-10 days later (June 5-7, 2024). The next day, May 29, 2024, counsel for Defendants demanded a meet and confer within 24 hours, and stated they would be seeking an extension of the Court's deadlines. It bears noting that counsel for Plaintiff were both out of town on depositions in another matter on May 28-29. The parties met and conferred on May 31, 2024.

First, it is ironic that defendants are raising this issue about delays in providing deposition dates, when it was defendants that delayed for over a month to provide dates for Defendants' 30(b)(6) corporate representative and then, after allowing the discovery deadline to pass, refused to produce that witness. Plaintiff has sought this Court's intervention in that matter and the issue is still pending.

Second, Plaintiff is not delaying the depositions unnecessarily, but rather, as is standard practice, is awaiting the deadline for Defendants to submit rebuttal expert reports. Plaintiff continues to coordinate with expert witness to determine the availability of those expert witnesses and of counsel for |

exacerbated by the fact that it has provided two overlapping technical witnesses.  Both of those technical witnesses are opining on theories of infringement for products not identified as accused products during fact discovery. This is despite Plaintiff's failure to disclose these infringement theories in response to Defendants' interrogatory regarding infringement contentions, either in its original response or in any supplements thereto before the close of fact discovery. The technical witnesses' opinions based on infringement theories that were not disclosed during fact discovery unfairly prejudice Defendants because, among other things, Defendant did not have an opportunity to seek discovery on those theories.   Plaintiff should be precluded from using its experts to provide opinions on products that were not accused of infringement during fact discovery.

Plaintiff's delay also is materially prejudicing Defendants given that Dr. Garagulagian is testifying about lost profits, but Plaintiff (1) did not provide (2) did not provide in its interrogatory response "profit (net and gross), and allocated expenses, detailing what is included in each" for its own projects even when ordered by this Court to supplement its response to interrogatory 12.  (ECF No. 71 at ¶9.)  Plaintiff now asserts that information related to lost profits

Plaintiff. Defendants have not been prejudiced by the minor delay in responding to their rushed and unreasonable demands. Further, contrary to defendants' position, there is no local rule, or rule of Civil Procedure or Evidence that requires that Plaintiff's experts in a patent infringement case must be deposed prior Defendants' rebuttal expert reports are due.

Defendants claim that the Plaintiff's experts provided infringement contentions for products not identified during fact discovery is erroneous. In response to interrogatory 1, Plaintiff identified defendants' "HV Max Parking Garage (Loose)" product as infringing on the '069 patent. Plaintiff's expert witnesses provided opinions related to the infringement of two versions of that very product. Defendants' documents show that the two products are interchangeable options of the HV Max system.

Furthermore, Plaintiff specifically submitted discovery requests related to each option individually and deposed four different defense witnesses about both options. Defendants cannot now claim ignorance of Plaintiff's position regarding the two options of the same product and should not be heard to allege prejudice based on that feigned ignorance.

Finally, Defendants wholly mischaracterize the facts related to Plaintiff's supplemental response to interrogatory 12 based on this Court's prior dis-

| | |
|---|---|
| was not preserved since commencing this suit and was lost during a software update.  Thus, Plaintiff should be precluded from presenting any lost profit theory now through its expert that it did not disclose in a timely manner during fact discovery.<br><br>**Relief**: Order that "Plaintiff must either (1) forego calling its experts at trial or (2) consent for Defendants to file their rebuttal expert reports two weeks after the last of the expert depositions." | covery Order. Plaintiff provided responsive information pertaining to interrogatory 12. The specific information described by defendants "unit sales, cost of goods sold, profit (net and gross), and allocated expenses, detailing what is included in each" is misleading. First, Plaintiff does not sell any of the products. Therefore, there are no "unit sales" or "costs of goods sold." Second, Plaintiff provided supplemental information indicating the gross profits related to 26 separate projects where the patented devices were utilized by customers who leased those components for temporary use.<br><br>**Relief**: Because Plaintiff has already agreed to produce the expert witnesses in a timely manner after the production of all expert reports, including the reports of Defendants' rebuttal experts, which is consistent with the federal rules of civil procedure, Defendants' overreaching demands and their misplaced request for an unnecessary extension to the scheduling order as it pertains to expert reports and expert discovery should be DENIED. |